SAMUEL A. DAVIS *vs.* LEWIS E. PETERSON *et al.*

Argued Oct. 4, 1894.   Affirmed Nov. 20, 1894.

No. 8388.

**Contract by letters construed.**

> Letters between parties respecting the purchase of land, the consideration to be paid and the title taken by one, the other to make the purchase, take care of and sell the land, and receive for his services one-half the net profits, considered, and *held* to make a case of employment only, and not of a joint purchase, so as to make the parties. in equity, joint owners of the land purchased.

Appeal by defendants, Lewis E. Peterson as administrator of the estate of Chas. M. Cushman, deceased, and Frances Cushman widow, from an order of the District Court of St. Louis County, *S. H. Moer*, J., made March 24, 1894, denying their motion for a new trial.

In April, 1886, the plaintiff, Samuel A. Davis of Boston, Mass., sent to Chas. M. Cushman $500 with which to buy seven town lots in Hazelwood addition to Oneota near Duluth and wrote the letters, extracts from which are set out in the opinion.   The lots were purchased for that sum, the money paid, and the title taken in plaintiff's name.   On May 12, 1892, Chas. M. Cushman died at Duluth intestate and without issue, but leaving the defendant, Frances Cushman, his widow, his sole heir under the statute.   Defendant, Lewis E. Peterson, was appointed by the Probate Court of St. Louis

County administrator of his estate. The lots meantime had greatly advanced in value and were worth $12,000. The defendants made claim to an equitable interest in the lots to the extent of one half their value after deducting the purchase price, interest and taxes. In 1893, plaintiff commenced this action under 1878 G. S., ch. 75, § 2, to determine the adverse claims of defendants. Issues were joined, the cause tried, and the court made findings and ordered judgment that plaintiff is sole owner of the lots, that neither of the defendants has any interest or estate in or lien upon the lots or either or any of them, and ordered judgment accordingly. Defendants moved for a new trial, but were denied and they appeal.

*A. E. McManus* and *B. C. Rude,* for appellants.

The agreement between the parties being for a joint interest, as indicated by the letters, Cushman had an interest which survived his death and passed to his administrator. *Smith* v. *Glover,* 44 Minn. 260.

If Cushman had sold lots enough to pay up the purchase price, taxes and assessments he would have been entitled to one half of what the residue of the lands brought on a sale, and having the right to sell and also the right to the possession, Cushman under 1878 G. S. ch. 43, § 3, would have had a legal estate in such remaining lands to the extent of a half interest therein. *Seymour* v. *Freer,* 8 Wall. 202; 2 Story, Eq. J. § 1061; Pomeroy, Eq. J. §§ 987, 1002.

*Walter Ayers,* for respondent.

The contract in question was entire. The consideration to be paid was single and entire and depended upon the performance, not of one act of a series of acts by the deceased, but upon the performance of the whole series. Until these were performed, the deceased had earned nothing. The language is explicit: "When I receive such deed, I will secure to you one half the net profits whenever the lots, or any part thereof, shall be sold, the same in consideration of your trouble in the purchase, care and sale of said lots." The intestate was not merely to purchase the lots, but was to care for them until they were sold, and he was also to take charge of the sale of the lots. Until all of these things were done, the intestate was to have no compensation whatever. No part of the

compensation could be apportioned to the intestate for doing a part of the acts specified. 2 Parsons, Cont. § 405.

The contract in question was one of agency, pure and simple, whereby the deceased agreed to perform certain acts, such as are usually performed by a real estate agent, and was to receive therefor a certain compensation based upon the profits of the transaction, but not to be earned until the transaction was closed, the profits realized, and all of the services stipulated for performed. The authorities cited by defendants have no bearing. Being a contract for personal services, the element of *delectus personae* enters into it.

GILFILLAN, C. J. Actions to determine adverse claims to real estate. The legal title is in plaintiff.

The defendants claim that the real estate was purchased, and the legal title taken to plaintiff, pursuant to an agreement between him and Charles M. Cushman, deceased (whose interest they claim,— one as administrator, the other as heir), such as made plaintiff and Cushman joint owners in equity. On the other hand, plaintiff claims the agreement was one merely of employment or agency.

The negotiations between plaintiff and Cushman were wholly by letter,—two on the part of plaintiff, and two on the part of Cushman, bearing directly on them. The first letter of plaintiff is of date April 16, 1886, sending Cushman the money for the purchase. From this letter it appears that plaintiff had received from Cushman a letter which is not in the record, making some proposition which the letter of the 16th refuses to accept. It there says:

"I will accept nothing but a full warranty deed of said lots for the money I intrusted to your care. When I receive such deed, I will secure to you one-half of the net profits whenever the lots, or any part thereof, shall be sold,—the same in consideration of your trouble in the purchase, care, and sale of said lots; and that will make it a joint interest, safe for you, and safe for me. If you cannot or do not wish to do as stated, then return the money to me."

This was an offer, not to make a joint purchase, but of employment. After the receipt of this letter, on April 20th Cushman wrote plaintiff two letters, one transmitting a written agreement to be executed. This agreement is not in the record, but as its character appears from the letters, had it been executed, and the purchase

made pursuant to it, the purchase would have been joint, and, no matter in which the legal title might have been vested, the parties would have been, in equity, joint owners. But it was not executed. On the contrary, plaintiff, under date of April 29th, answering the letters of April 20th, writes:

"It appears you do not quite understand my letter of the 16th, inclosed with post-office orders. I therefore write explanatory of that letter. First, it contemplates that I pay all the purchase money and charges for record of deed, etc.; second, that I pay all the taxes which may be assessed on the land while I hold it; third, that you will make the purchase and have the care of and make sale of said land, any part or the whole, at any time you may be able to do so at a profit that shall be satisfactory; fourth, that, in consideration of the purchase, care, and sale of said land as above, you shall be entitled to receive one-half of the net profits after deducting the amount of the cost, to wit, the purchase money with simple interest, and taxes with interest. I will give or sign any agreement between you and me that shall secure to you one-half of said profits as above, but will not sign any agreement having to do with your heirs or assigns."

The purchase appears to have been made pursuant to that letter. It did not make a case of a joint purchase in the sense that in equity would vest in Cushman any interest in the real estate. It was a case of employment, the compensation of the agent to be measured with reference to the profits. He had no interest except in the profits after they should be received.

Order affirmed.

(Opinion published 60 N. W. 1007.)