CLARA H. STRANAHAN v. WILLIAM E. RICHARDSON and Another.

January 30, 1899.

Nos. 11,407—(251).

### Contract by Married Woman—Guarantied Profits in Real-Estate Investment—Trust.

The plaintiff (a married woman) and the defendants entered into a written contract (plaintiff's husband not joining) by which the plaintiff was to intrust to the defendants a specified sum of money, which they were to invest in real estate, taking the title in her name, and were also to take care of, manage and sell the property, and out of the proceeds repay her the amount of her investment, with interest, and the remainder, or net profits, was to be equally divided between the parties. The defendants further agreed that, if such profits did not amount to at least 8

per cent. per annum they would pay plaintiff such sum as would make the profits equal to that amount. The property having proved inadequate to repay the plaintiff her investment with interest in full, she brought this action against defendants on their guaranty to recover the deficiency. *Held*, that the contract was valid and enforceable by either party against the other, notwithstanding that plaintiff's husband did not join in its execution; that, the real estate having been acquired under, and subject to the conditions of, the contract, the plaintiff held the title in trust for the defendants to the extent of their interest in the deal; and the provisions of the married woman's act in relation to contracts for the sale of her real estate would not apply, as against defendants' interest, according to the contract under which the property was acquired.

## Same—Taxes Advanced by Plaintiff.

Also, money advanced by plaintiff, and used by the defendants in paying taxes and incumbrances on the property purchased, was a part of the investment, and covered by defendants' guaranty, the same as the purchase money paid to the vendors.

Action in the district court for St. Louis county to recover $5,-103.42, and interest, on a written contract. The court, Cant, J., found in favor of plaintiff, and from a judgment in her favor for $4,297.04 entered pursuant to the findings, defendants appealed. Affirmed.

*R. R. Briggs*, for appellants.

The contract, so far as it related to real estate purchased by plaintiff through agents, was valid; but its provisions relating to the selling of the real estate are absolutely void, because it was not signed by her husband. G. S. 1894, § 5532; Gregg v. Owens, 37 Minn. 61. The invalidity of such contract is based on want of power to make it. Place v. Johnson, 20 Minn. 198 (219); Nell v. Dayton, 43 Minn. 242; Yager v. Merkle, 26 Minn. 429; Tatge v. Tatge, 34 Minn. 272; Steele v. Anheuser-Busch B. Assn., 57 Minn. 18; Althen v. Tarbox, 48 Minn. 18. Plaintiff authorized defendants to sell at such times and on such terms as seemed proper to them. But for the statute married women would be under their common-law disabilities. Nash v. Mitchell, 71 N. Y. 199. If the contract to sell is valid, the agents could execute in plaintiff's name the memorandum of agreement required by the statute of frauds. Romans

v. Langevin, 34 Minn. 312; Quinn v. Champagne, 38 Minn. 322. A married woman's agent can bind her only while acting within the limits of her capacity. Kenton v. McClellan, 43 Mich. 564; Nash v. Mitchell, supra; Mechem, Ag. § 56. The contract was not mutually binding, and hence could not be enforced. Alworth v. Seymour, 42 Minn. 526; 3 Pomeroy, Eq. Jur. § 1405; Bailey v. Austrian, 19 Minn. 465 (535); Butman v. Porter, 100 Mass. 337; Tarbox v. Gotzian, 20 Minn. 122 (139). The contract provides for the investment of $2,200 and no more.

*Alford & Hunt*, for respondent.

MITCHELL, J.

All the assignments of error go to the sufficiency of the findings of fact to support the conclusions of law. The action was brought upon a written contract executed by the defendants and the plaintiff, a married woman, whose husband did not join in its execution. The contract is set out at length in the findings, but the general features may be briefly stated thus:

The plaintiff agreed to furnish the defendants $2,200, to be by them invested in real estate in or near Duluth, the title to be taken in her name. The defendants agreed to make the investment, manage and control the property, pay the taxes on it (out of money to be furnished by the plaintiff), and sell the property, and out of the proceeds there should be repaid to the plaintiff the amount invested by her with 8 per cent. interest per annum from the date of the investment, and then the net profits, if any, to be divided equally between the parties. The plaintiff agreed not to require the property to be sold within five years, but if, at the end of five years, any of the investment remained unsettled, it should be closed out within a reasonable time after written demand by the plaintiff to that effect. In consideration of this, the defendants agreed, within a reasonable time after the five years, at the request of the plaintiff, to dispose of the property, and return to the plaintiff the amount of her investment with 8 per cent. interest, together with one-half the profits, "and, if such profit does not amount to at least eight per cent. per annum, second parties [the defendants] will pay to first

party [the plaintiff] such sum as will make the profit equal to eight per cent. per annum on the investment."

When the five years elapsed, the investment had not been closed out, part of the property remained unsold, and the plaintiff had been repaid only a part of her investment. She thereupon requested the defendants to close it out, and sell the balance of the property, and this they had failed to do, although a reasonable time after demand had elapsed. Thereupon the plaintiff brought this action, to recover such sum as will, after crediting the value of the property still on hand and unsold, and the amount already repaid to her, repay her the amount which she has invested under the contract, with 8 per cent. interest from the date of the investment.

It is, perhaps, not quite clear from the contract, whether it means that defendants were to execute conveyances as plaintiff's attorneys, when sales were made, or whether they were merely to find the purchasers and make the sales, and the plaintiff herself execute the conveyances. This, however, is not important, as the court finds that plaintiff has in all respects fully performed her part of the contract, but that defendants have failed to perform their part. The court found that,

"Pursuant to the terms of said agreement, * * * and not otherwise, said plaintiff did upon said 5th day of May, 1888, upon the 29th day of November, 1892, and at divers days between said dates, advance, furnish and intrust unto said defendants divers sums of money, aggregating the sum of $4,702.81; that said sums of money were so advanced, furnished and intrusted unto said defendants by the plaintiff solely upon said hereinbefore alleged agreement of said defendants to invest the said money in real estate pursuant to the terms of said agreement," and that $2,200 of said sum was so furnished on the 5th day of May, 1888, and the remainder at various times thereafter.

One of the points made by the defendants is that their guaranty of the repayment of the principal invested and 8 per cent. interest only extends to the $2,200 provided for in the written contract. But the finding of the court is clearly to the contrary. It can only mean that by mutual consent the amount of the investment was subsequently increased to $4,702.81, and that the whole was furnished and accepted for the same purpose and on the same terms as

the original $2,200. In the absence of a "case" or bill of exceptions, we must presume that every issue upon which the court has found, whether within the pleadings or not, was voluntarily litigated, and that there was evidence to support the finding. The court found specifically and in detail how and in what way the defendants invested and used the $4,702.81, and from these findings it appeared that a part of it was used in paying taxes on the property purchased, and in paying off a mortgage subject to which some of it was bought. This they claim was not within their guaranty, but there is clearly no merit in this. The payment of taxes was expressly provided for in the contract, and the money thus expended, as well as that used to pay off an incumbrance on the property, was just as much a part of the investment as the money paid directly to the vendors.

Neither is there anything in the point that the court should have ordered the property on hand to be sold, instead of crediting the defendants, and charging the plaintiff, its present value. The time the contract was to run had expired, the defendants had failed and neglected to sell it as they agreed to do, and as a consequence the plaintiff had the property on hand, and she is entitled to a money judgment which, with the value of the property, will make her whole, and be the equivalent of defendants' guaranty had they performed.

But the main contention of counsel is that, while the provisions of the contract relating to the purchase of the real estate were valid, yet those relating to its sale were void, as being a contract for the sale of the real estate of a married woman in which her husband did not join; that for this reason the contract lacked mutuality of both obligation and remedy, and hence cannot be enforced against the defendants. This contention is plausible, but unsound.

This contract did not relate to any real estate which the plaintiff already owned. The parties went into a joint venture, by which plaintiff was to furnish a sum of money, and the defendants their services. The money was to be invested in real estate, and then sold; the parties were to divide the profits, after repaying to plaintiff the amount of money advanced by her, with interest; the defendants, however, personally guarantying to her repayment of the

same in any event, whether there were or were not any profits. All the real estate was acquired under this contract, and subject to all its conditions, and whichever party acquired the legal title took it in trust for the benefit of the other party, to the extent of her or their interest in the deal. Plaintiff never owned or acquired the property, except subject to this trust in favor of the defendants according to the terms of the contract. When a married woman acquires the title to real estate in trust, the provisions of the married woman's act (G. S. 1894, § 5532) do not apply, or, perhaps, to speak more accurately, they only apply subject to all the conditions of the trust. If this venture had proved a very profitable one, and the property was worth much more than its cost and interest, can there be any doubt but that the contract could have been enforced against the plaintiff, so as to enable the defendants to realize their share of the profits? The fact that the venture has proved a losing one, so as to render the defendants liable on their guaranty, does not alter the principle.

Judgment affirmed.

On April 10, 1899, the following opinion was filed:

PER CURIAM.

Upon application for a reargument counsel for defendants takes exception to the statement in the opinion of the court to the effect that the plaintiff acquired the title to the real estate in trust for the benefit of the defendants to the extent of their interest in the deal, and suggests that this proposition is in conflict with Davis v. Peterson, 59 Minn. 165, 60 N. W. 1007, to which he now for the first time calls our attention. The statement referred to, if not positively erroneous, is certainly misleading, because liable to be understood as meaning that defendants had an estate or interest in the corpus of the property itself, which clearly they had not. But this does not affect the result. If plaintiff had been a single woman, defendants could not have compelled her to sell the property, in order that they might realize out of the proceeds their share of the profits. If she had refused to sell, their only remedy would have been to sue her to recover their share of the profits, based upon and measured by what the property was reason-

ably worth, or would have probably sold for. Hence it is immaterial whether the plaintiff was married or single. In neither case could she have been compelled to sell the property, and in either case the fact that the agreement to do so was nonenforceable would not affect the validity or mutuality of the contract.

Application denied.